UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO.  07-157

MICHAEL MARTIN, JR.                         SECTION  "N"

## ORDER AND REASONS

Defendant Michael Martin, Jr. petitions this Court pursuant to 28 U.S.C. § 2255, for relief from his August 23, 2008 conviction for violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c), possessing with the intent to distribute a quantity of cocaine base ("crack").  Martin's claims for post-conviction relief are based upon two arguments: (1) ineffective assistance of counsel, and (2) dissatisfaction with the sentence he received.  For the reasons stated herein, the Court finds that neither ground affords any relief to the petitioner, and also that the arguments made by petitioner do not warrant further discovery or an evidentiary hearing.

## FACTS

On May 4, 2007, Martin and a co-defendant were indicted on one count for knowingly and intentionally possessing with the intent to distribute a quantity of cocaine base ("crack") in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(c).  Martin was arraigned on May 16, 2007, at which

1

time he was advised of the maximum penalties this Court carried, if he were to be convicted.[1]  At his rearraignment on October 3, 2007, Martin entered a guilty plea, which was accepted by the Court.  This guilty plea included a waiver of his rights to appeal, including any appeal rights conferred by Title 28, U.S.C. § 1291, Title 18, U.S.C. § 3742 and a waiver of his rights to contest his conviction and/or sentence in any collateral proceeding including proceedings brought under 28 U.S.C. §§ 2241 and 2255 (Rec. Doc. Nos. 43 and 49).  The plea agreement also clearly set forth the maximum penalties Martin faced as 20 years imprisonment, along with the fine, special assessment, and supervised release provisions.  As part of this plea agreement, the government agreed that it would not file an information of prior drug convictions under 21 U.S.C. § 851, which would have increased Martin's maximum penalty to 30 years imprisonment.  The government also agreed that it would not supersede Martin's indictment with any additional charges in the Eastern District of Louisiana, which included, at the time of the plea, four open state court charges for drug and gun violations.

A presentence investigation report ("PSR") was prepared.  In response, Martin filed four objections to the PSR.  Martin's sentencing was scheduled for January 16, 2008, but was continued in order to afford him additional time to review the PSR and to prepare and fully brief his objections.  The sentencing was rescheduled for April 9, 2008, but was also continued on motion of the government.  At the sentencing hearing on April 23, 2008, Martin argued his objections to the PSR, and the government presented the testimony of New Orleans Police Department Officer Ricky

---

[1]The Court also notes Rec. Doc. No. 12, which memorializes Martin's initial appearance on April 27, 2007 at which time he was also advised of the maximum penalties and was appointed counsel.

2

Jackson, who is assigned to the Drug Enforcement Administration Task Force (Rec. Doc. No. 76). The undersigned sentenced Martin to a term of 188 months in prison, three years supervised release, and a $100 special assessment fee (Rec. Doc. No. 77). Martin timely filed a notice of appeal on April 30, 2008 (Rec. Doc. No. 78). On appeal, Martin's new counsel from the Federal Public Defender's Office argued that Martin's counsel before the district court was ineffective for failing to advise him that he would receive a career offender enhancement under the Advisory United States Sentencing Guidelines, which would triple his sentencing guideline range. On April 28, 2009, the Fifth Circuit Court of Appeals affirmed this Court's Judgment, but did state that Martin's ineffective assistance claim could not be determined on the current record.

On March 15, 2010, Martin petitioned this Court for relief under 28 U.S.C. § 2255. Martin claims that he received ineffective assistance of counsel for several reasons: (1) failure of counsel to pursue a suppression hearing, (2) failure of counsel to advise Martin during plea negotiations that he would qualify as a career offender under the United States Sentencing Guidelines (Rec. Doc. No. 100).[2]

## LAW AND ANALYSIS

Martin claims that his counsel was unconstitutionally ineffective, and thus his conviction and sentence should be vacated. The Sixth Amendment guarantees the right to effective assistance of

---

[2]In his petition, Martin also mentions as additional grounds for relief: (3) his sentence "was both procedurally and substantively unreasonable"; and (4) "government breached the plea agreement." Neither ground for relief is briefed, and thus they can both be denied for that reason. In addition, the Court notes that the sentence was within the applicable guideline range, and was reviewed and affirmed on appeal. Martin does not identify any provision of a plea agreement, much less explain how it was breached.

counsel in criminal prosecutions.[3]  In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-prong test to evaluate ineffective assistance claims.  To obtain reversal of a conviction under the *Strickland* standard, the defendant must prove that counsel's performance fell below an objective standard of reasonableness[4] and that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome in the proceeding.[5]  A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other.[6]  In deciding whether a counsel's performance was ineffective under *Strickland*, a court must consider the totality of the circumstances.[7]

---

[3]*See McMann v. Richardson*, 397 U.S. 759, 711 n.14 (1970) (6th Amendment right to counsel is right to effective assistance of counsel).

[4]*See Strickland*, 466 U.S. at 687-88; *Harris v. Day*, 226 F.3d 361, 364 (5th Cir. 2000) (judicial scrutiny of counsel's performance must be highly deferential, given "strong presumption" that counsel's conduct was reasonable professional conduct).

[5]*See Strickland*, 466 U.S. at 687; *see also Williams v. Taylor*, 529 U.S. 362, 396-99 (2000).

[6]*See* 466 U.S. at 697; *see, e.g., Martin v. Cain*, 246 F.3d 471, 477 (5th Cir. 2001) (court need not address *Strickland*'s performance prong because defendant could not show prejudice).

[7]*See* 466 U.S. at 690 (court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of reasonable professional judgment"); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[T]he right to effective assistance of counsel. . . may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial.")

Under the performance prong of *Strickland*, there is a "strong presumption"[8] that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance."[9] Courts have declined to characterize counsel's performance as ineffective assistance when counsel acted according to the defendant's restrictions on strategy,[10] when the defendant failed to provide counsel with complete and accurate information,[11] or when counsel refused to "assist[] the client in presenting false evidence or otherwise violating the law."[12] Since prejudice is not presumed, the defendant must show that counsel's errors were prejudicial and deprived defendant of a "fair trial, a trial whose result is reliable."[13] This burden generally is met by showing that the outcome of the

---

[8]In interpreting the prejudice prong, the Supreme Court has identified a narrow category of cases in which prejudice is presumed. *See Strickland*, 466 U.S. at 692 (1984). The presumption applies when there has been an "[a]ctual or constructive denial of the assistance of counsel altogether", when counsel is burdened by an actual conflict of interest, or when there are "various kinds of state interference with counsel's assistance." *See id; Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). In these situations, prejudice is so likely to occur that a case-by-case inquiry is unnecessary. The circumstances for presuming prejudice are not present herein. *See Strickland*, 466 U.S. at 692; *see also U.S. v. Cronic*, 466 U.S. 648, 658 (1984).

[9]*Strickland*, 466 U.S. 668, 689 (1984).

[10]*See, e.g.*, *Moore v. Johnson*, 194 F.3d 586, 607 (5th Cir. 1999) (counsel's purported failure to expend pretrial resources in an effort to unearth evidence that may have contradicted defendant's alibi defense was not ineffective assistance because defendant chose and insisted on alibi defense).

[11]*See e.g.*, *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997) (counsel's failure to avoid eliciting damaging testimony from defense witness was not ineffective assistance because defendant did not inform counsel he molested daughter).

[12]*Nix v. Whiteside*, 475 U.S. 157, 166, 171 (1986) (counsel provided effective assistance by preventing defendant from committing perjury).

[13]*Strickland*, 466 U.S. at 687. Unlike the performance prong of the *Strickland* test, which is analyzed at the time of trial, the prejudice prong of the *Strickland* test is examined under the law at the time the ineffective assistance claim is evaluated. *See Lockhart v. Fretwell*, 506 U.S. 364, 367-68 (1993).

proceeding would have been different but for counsel's errors.[14]  However, in some cases, the court will inquire further to determine whether counsel's ineffective assistance "deprive[d] the defendant of a substantive or procedural right to which the law entitles him."  In the context of a guilty plea, a defendant can satisfy the prejudice prong by demonstrating that but for counsel's deficient performance, a reasonable probability exists that the defendant would not have pleaded guilty and would have insisted on a trial.[15]  Similarly, in the context of a procedurally defaulted appeal, a defendant can satisfy the prejudice prong by demonstrating that there is a reasonable probability that, but for counsel's deficient failure to consult with defendant about an appeal, defendant would have timely appealed.[16]

    As an initial matter, the Court notes that, in his plea agreement, Martin not only waived the appeal of his conviction and sentence, but also waived his right to bring any such claims in a collateral attack under § 2255.  Indeed, the record reflects an extensive colloquy between the undersigned and Martin at his rearraignment (Rec. Doc. No. 86, pp. 15 and 16) wherein Martin was questioned about his understanding of this waiver.  Although this alone should preclude the arguments petitioner offers herein, the Court will nonetheless treat them as if no such waiver existed.

---

[14]*See Williams v. Taylor*, 529 U.S. 362, 391-93 (2000). To prove prejudice, the defendant must establish a "reasonable probability" that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 692. The Court has rejected the proposition that the defendant must prove more likely than not that the outcome would have been altered. *See id.; see also Woodford v. Viscotti*, 537 U.S. 19, 22-23 (2002).

[15]*See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see e.g. Daniel v. Cockrell*, 283 F.3d 697, 708 (5th Cir. 2002).

[16]*See Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).

With regard to Martin's contention that his attorney should have filed a motion to suppress, the Court finds no violation of the *Strickland* standard.  The Fifth Circuit has squarely addressed this type of argument.  *Schwander v. Blackburn,* 750 F.2d 494, 500 (5th Cir. 1985); *Murray v. Maggio,* 736 F.2d 279 (5th Cir. 1984); *William v. Beto,* 354 F.2d 698, 703 (5th Cir. 1965).  Counsel for Martin, Clifford Stouts, as well as Martin himself, were well aware that Martin had four open state court charges in Orleans Parish Criminal District Court at the time of his federal arrest and conviction, which charges included possession of marijuana, felon in possession of a firearm, and possession with the intent to distribute crack cocaine, and distribution of marijuana and crack cocaine.  Had counsel pursued a motion to suppress in this case, Martin likely would have been faced with a superseding indictment warranting significantly greater exposure to penalties (including incarceration).  Thus, plea negotiations were not only an option for counsel, but perhaps even the preferred option, in order to minimize Martin's incarceration exposure.

Moreover, Martin fails to demonstrate any substantial legal grounds for a motion to suppress, much less how such a motion would have been successful.  In fact, based upon Martin's explanation of the omitted motion to suppress, as well as the government's response, it seems highly unlikely that such a motion would have been granted; and it seems highly likely that, had Martin's indictment been superseded, his sentence would have been far greater.  Thus, this Court cannot find that Mr. Stoutz's efforts on behalf of petitioner fell below the objective standard of reasonableness set forth in *Strickland*, or that Martin was so prejudiced by his defense counsel's handling of his case that the result would have been more favorable had his case been handled differently.

Likewise, Martin argues that his counsel was ineffective for failing to advise him that he might be considered a career offender under the Advisory Sentencing Guidelines. This argument also lacks merit. The sentence Martin received was below the statutory maximum, which was fully explained to him on at least three occasions prior to the entry of his guilty plea (Rec. Doc. Nos. 12, 23 and 43). See *United States v. Guerra*, 94 F.3d 989 (5th Cir. 1996). The record reflects that Martin not only understood the maximum prison term he faced by entering a guilty plea, but that he also understood that the sentencing guidelines, however calculated, were merely advisory and could not be calculated until the presentence investigation had been conducted. Nonetheless, Martin chose to enter his guilty plea knowingly, voluntarily, and with full knowledge of his rights, as well as the consequences of his guilty plea. In fact, at Martin's rearraignment (Rec. Doc. No. 86), the Court questioned Martin even further, affording him an opportunity to postpone his rearraignment until he conferred with counsel. Martin refused and chose to continue with the entry of his guilty plea (Rec. Doc. No. 86, pp. 10-12). At that time, Martin also confirmed that he was satisfied with Mr. Stoutz's service as his attorney (Rec. Doc. No. 86, p. 13) and clarified the amount of crack cocaine related to his guilty plea (0.27 grams) (Rec. Doc. No. 86, p. 18). Martin's sentence was at the top of the guideline range, and was based upon § 3553 of Title 18, all of which the Court explained on the record at the time of sentencing.

Although Martin now contends that he "would have gone to trial had he known the length of the real Guideline range to which he was subject" (Rec. Doc. No. 99, p. 19), such is not an adequate reason for relief pursuant to § 2255. Indeed, such a claim hardly suggests that defense counsel was ineffective; it merely indicates that the petitioner, knowing the sentence he has now

received, would like a "do-over" in hopes of a better result.  Nonetheless, such claims do not support

relief under § 2255.

## **CONCLUSION**

The petition of Michael Martin, Jr., including his request for an evidentiary hearing, is

**DENIED**, for the reasons stated herein.

New Orleans, Louisiana, this 1st day of February, 2011.

**KURT D. ENGELHARDT**
**United States District Judge**