# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 07-157 |
| MICHAEL MARTIN, JR. | SECTION I |

## ORDER & REASONS

Before the Court is *pro se* defendant Michael Martin's ("Martin") motion[1] for a reduction of his sentence pursuant to 18 U.S.C. § 3582 and Amendment 782.[2] For the following reasons, the motion is denied.

In May of 2016, Judge Engelhardt denied Martin's request for a reduction of his sentence pursuant to Section 3582 and Amendment 782.[3] Judge Engelhardt determined that Martin was ineligible for a Section 3582 sentence reduction because of his "career offender status" and the fact that there had been "no change in his offense level calculation."[4] Martin's present motion differs from his previous motion only in that he now relies on the Supreme Court's recent decision in *Hughes v. United States*, No. 17-155 (U.S. June 4, 2018).

*Hughes* has no effect on Judge Engelhardt's prior findings or their legal

---

[1] R. Doc. No. 132.
[2] "Under Section 3582, the district court may reduce a defendant's sentence if the Guidelines range applicable at sentencing is later lowered by the Sentencing Commission." *United States v. Morgan*, 866 F.3d 674, 675 (5th Cir. 2017). Amendment 782, which has a retroactive effect, "modified the drug-quantity table in Section 2d1.1 of the Guidelines by lowering most drug-related base-offense[ ] levels by two." *Id.* (citation omitted).
[3] R. Doc. No. 129.
[4] *Id.* at 1.

consequences. In *Hughes*, the Supreme Court held that "a sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as the range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes*, slip op. at 9.[5] A Type-C agreement is a plea agreement entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). *Id.* at 5. *Hughes* applies to defendants who entered into a Rule 11(c)(1)(C) plea agreement. However, Martin's plea agreement was not made pursuant to that rule, meaning *Hughes* is inapplicable to his case.[6]

Furthermore, although *Hughes* clarified the scope of Section 3582, that section only authorizes a sentence reduction in those cases in which a defendant's sentencing range has been subsequently lowered. *Id.* at 9. Amendment 782 did not change Martin's base offense level, meaning it did not lower his recommended sentencing range. As a result—regardless of the *Hughes* decision—Martin remains ineligible for a Section 3582 sentence reduction.

Accordingly,

**IT IS ORDERED** that the motion is **DENIED.**

New Orleans, Louisiana, August 8, 2018.

---

[5] Section 3582 "authorizes a district court to reduce a defendant's sentence if the defendant 'has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered.'" *Hughes*, slip op. at 9 (quoting 18 U.S.C. § 3582(c)(2)) (emphasis added). If Amendment 782 did not change a defendant's base offense level, he is ineligible for a sentence reduction under that amendment. *See Morgan*, 866 F.3d at 676.

[6] *See generally* R. Doc. No. 49.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**